UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-1 MATTHEW STEPHEN MORSE,
a/k/a "Pony",

       Defendant.

_____/

Case No. 13-20685

Honorable Nancy G. Edmunds

## <u>ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION [170]</u>

Now before the Court is Defendant-Petitioner Matthew Stephen Morse's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant argues (1) his legal counsel underestimated his potential sentence exposure, failed to file an appeal, and ineffectively argued his sentence enhancements, (2) that the prosecution should have recused themselves, and (3) that the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2251 (2015) which vacated the residual clause of the Armed Career Criminal Act ("ACCA") as being void for vagueness, should also void the Career Offender Guideline's definition of "crime of violence" and thus reduce the sentencing enhancements applied to him. Because Defendant's legal counsel was neither ineffective nor did his counsel's actions prejudice him in any way, because the prosecution had no need to recuse themselves, and because the Sixth Circuit rejected Defendant's *Johnson v. United States* argument in *Beckles v. United States*, 137 S.Ct. 886, 890 (2017), Defendant's § 2255 motion is DENIED.

## I. BACKGROUND

Defendant pled guilty, without a plea agreement, to three counts, (1) conspiracy to manufacture and distribute methamphetamine, (2) use of a minor in drug operations, and (3) distribution of methamphetamine to persons under the age of 21. At his plea hearing on November 7, 2014, the Court explained and the Defendant acknowledged that each of the three counts came with a maximum penalty of life in prison or a $20 million fine or both. (Tr. Plea Hearing, Dkt. 146, at 14; PgID 727.) On February 3, 2015, the Probation Department prepared its first version of the pre-sentence investigation report ("PSR") which calculated the guideline range to be 235-293 months. At least three revisions occurred in the subsequent months, at one point adjusting the recommendation as low as 188-235 months, but ultimately, after allowing Defendant to hire a methamphetamine expert and after the Government updated numerous enhancements, the final PSR calculated the guideline range of LIFE. The PSR states that Defendant's offense level is 54, and his criminal history category is III.

The Court sentenced Defendant to 288-months. Defendant took no direct appeal of his sentence. Instead, on June 2016, Defendant timely filed the instant motion pursuant to 28 U.S.C. § 2255 *pro se*, seeking to reduce his sentence[1].

---

[1] "It is well-established that a § 2255 motion 'is not a substitute for direct appeal.' " *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Here, Defendant does not argue that he is actually innocent and there is no doubt that many of his claims should have been raised on direct appeal. The Court addresses the substantive merit of his motion nonetheless.

## II.  STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a [federa] court . . . .claiming the right to be released. . . .may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on the motion, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Defendant "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotations and citations omitted).

## III.  ANALYSIS

Defendant takes issue with the sentence enhancements that he believes substantially increased the length of his sentence and that he claims were invalidated by *Johnson v. United States*, 135 S. Ct. 2251 (2015).  To that end Defendant lists nine distinct issues in support of his motion, however, all of them revolve around three general premises.  First, he asserts that his legal counsel was ineffective.  Second, Defendant claims that prosecutors violated his due process rights committing misconduct.  Finally, Defendant believes that  the Supreme Court's opinion in  *Johnson v. United States*, 135 S. Ct. 2251 (2015) which vacated the residual clause of the Armed Career Criminal Act ("ACCA") as being void for vagueness, should also void the Career Offender Guideline's definition of "crime of violence" and thus reduce the sentencing enhancements applied to him.

A.    Ineffective Assistance of Counsel

The first basis for Petitioner's motion is the argument that he received ineffective assistance of counsel because his legal counsel underestimated his potential sentence exposure, failed to file an appeal, and ineffectively argued his sentence enhancements. (Def.'s § 2255 Mot., Dkt. 170, at 17; PgID 1202.)  The Sixth Amendment right to counsel extends to criminal defendants during the plea bargaining process.  *See Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012).  The Court applies the familiar *Strickland*  analysis for ineffective assistance of counsel to Petitioner's claim.  To prevail on an ineffective assistance claim, Defendant must show that his counsel's performance was both deficient by falling "below an objective standard of reasonableness" and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

There is a strong presumption in favor of counsel's effectiveness.  *See Mallett*, 334 F.3d at 497 (stating "[t]his standard is highly deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' "(quoting *Strickland*, 466 U.S. at 689.))  The Supreme Court has advised that "[t]he availability of intrusive post-trial inquiry into into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges"; it could threaten the adversarial process that the Sixth Amendment right to counsel was designed to serve.  *See Strickland*, 466 U.S. at 689-90.

i.   Counsel Was Not Ineffective For Underestimating Defendant's Potential Sentence Exposure

In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial.' " *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) (quoting *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985)).  Defendant fails to assert that he would have insisted on going to trial but for his counsel's alleged errors and thus has not established prejudice under *Strickland*.  Instead, he states only "legal counsel was ineffective in that during plea proceedings, counsel grossly underestimated the petitioners potential sentence exposure." (Def.'s § 2255 Mot., Dkt. 170, at 17; PgID 1202.)  Petitioner fails to make any further argument or allegations related to this issue. The Sixth Circuit holds that similar assertions do not establish prejudice, "as [they are] relevant only to sentencing and not to whether [the defendant] would have pled guilty." *United States v. Garfolo*, 425 Fed.Appx. 460, 462 (6th Cir. 2011).

Even assuming, *arguendo*, that Defendant was able to establish prejudice, Defendant fails to convince the Court that his counsel's performance was constitutionally deficient. At his plea hearing on November 7, 2014, the Court explained and Defendant acknowledged that each of the three counts came with a maximum penalty of life in prison or a $20 million fine or both.  (Tr. Plea Hearing, Dkt. 146, at 14; PgID 727.)  The Court asked "[h]as anyone told you that [the Court would]. . . .give you a more lenient sentence if you would plead guilty?" to which Defendant responded "[n]o one promised me anything." (*Id*, at 23; PgID 736.)  Thus Petitioner's claim is contradicted by the record.  *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  Since Petitioner fails to argue how his plea may have been different, if at all, with different information from his counsel, given the testimony which establishes Petitioner understood the possible sentence exposure, and given the strong presumption in favor of counsel's effectiveness, the Court finds counsel was not ineffective during the plea proceedings.

ii.  Counsel Was Not Ineffective For Failing to Object to Government's Filing of the Sentencing Enhancements.

Defendant maintains that his attorney "failed to object to the Government[']s filing of the sentencing enhancement." (D. § 2255 Mot., Dkt. 170, at 17; PgID 1202.)  This assertion is not true.  Defense counsel submitted objections to each of the enhancements as well as the base offense level in a November 1, 2015 letter.  The probation officer summarized Defense counsel's objections for the Court prior to sentencing in an addendum to the PSR.  Defense counsel additionally worked to reduce the PSR recommendation. She hired a forensic expert to support her argument that the estimated actual yield in the conversion of pseudoephedrine hydrochloride found in illicit pharmaceutical preparations to methamphetamine hydrochloride should be reduced.  The Court is satisfied that Defendant's Due Process rights were adequately protected.

iii.  Counsel Was Not Ineffective For Failing to File a Notice of Appeal

Defendant states "the petitioners counsel failed to file a notice of Appeal for the petitioner, and also failed to file a proper "Anders" brief in support of her motion to be relieved of her appointment to represent the petitioner on direct appeal." (D. § 2255 Mot., Dkt. 170, at 17; PgID 1202.)  However, that is all that Defendant avers.  He makes no further argument in support of this allegation.

The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  If counsel

fails to consult with a petitioner on the decision to appeal, the deficient performance deprives the petitioner "of the appellate proceedings altogether" and is presumptively prejudicial. *Id.* at 483. Defendant makes no claim that his counsel failed to consult with him. Defendant additionally fails to aver why an appeal would have been rational for him or else that he reasonably demonstrated to his attorney that he wished to appeal. The Sixth Circuit has held, "the defendant need only 'demonstrate that, but for counsel's deficient conduct, he would have appealed.' " *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Flores-Ortega*, 528 U.S. at 486.) Defendant makes no such claim. The entirety of Defendant's claim in this regard is that the attorney did not make the filing. Defendant has not met his burden. His one sentence argument fails to rise above a conclusory and vague allegation. Counsel is not presumptively considered ineffective for not filing an appeal, where the petitioner does not prove or even claim that his counsel failed to consult with him about his right to appeal or where the petitioner fails to prove or claim that he request an appeal.

B.    Prosecutorial Misconduct

Defendant argues that the prosecution committed misconduct by failing to recuse themselves. The Government had a potential informant, "LS", who sent letters suggesting Defendant had threatened individual prosecutors. Prosecutors referenced possible future charges and inclusion of LS's statements in sentencing against Defendant however Prosecutors ultimately did not credit LS's statements nor use them against Defendant in sentencing or in charges following LS's inconclusive polygraph.

Defendant avers the prosecutors should have recused themselves. Petitioner states his "4th [A]mendment and 6th [A]mendment rights were violated by the failure of the

Government prosecutors to recuse themselves from this case, and therefore may have also been malicious towards the petitioner. . . .due to the hearsay statements made by a cooperating informant." (Def. § 2255 Mot., Dkt. 170, at 18; PgID 1203.) Defendant does not articulate a particular legal theory, cite any evidence, or provide any relevant authority.

"A defendant is 'denied the basic protections' of the Sixth Amendment' when there [is] used against him at his trial, evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel.' " *Ayers v. Hudson*, 623 F.3d 301, 309 (6th Cir. 2010) (quoting *Massiah v. United States*, 377 U.S. 201, 206 (1964)). "The right to counsel applies not only to direct confrontations by known government officers, but also to 'indirect and surreptitious interrogations' by covert government agents and informants." *Id.* (quoting *United States v. Henry*, 447 U.S. 264, 273 (1980)). "Therefore, a Sixth Amendment violation occurs whenever the State intentionally create[s] a situation likely to induce [a defendant] to make incriminating statements without the assistance of counsel, or knowing[ly] exploit[s] a situation in order to obtain incriminating information from a defendant without counsel being present." *Id.* (internal quotation marks and citations omitted). Defendant does not assert facts supporting such a Sixth Amendment violation.

Defendant explains the accusations were never used against him and acknowledges LS's motivations were entirely personal, to receive special treatment for his own pending charges and sentencing. (Def. § 2255 Mot., Dkt. 170, at 18; PgID 1203.) As a result there is no evidentiary basis for concluding that the Government either intentionally created a situation likely to induce incriminating statements without the assistance of counsel or knowingly exploited a situation to obtain incriminating information without counsel being

present.  Furthermore, Defendant makes no coherent argument for why the prosecutors needed to recuse themselves where they did not ultimately credit LS's claims.

C.    *Johnson* Does Not Apply

Defendant argues that the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2251 (2015) which vacated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii), for being unconstitutionally vague, should also void the Career Offender Guideline's definition of "crime of violence" and thus reduce the sentencing enhancements applied to him.  *Id.* at 2557.

On March 6, 2017, after Defendant had filed this motion, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the Sentencing Guidelines are not subject to a challenge under the void-for-vagueness doctrine, established in *Johnson.*  This forecloses Defendant's argument.

III.    Certificate of Appealability

The Court may issue a Certificate of Appealability when the § 2255 movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are "adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997); *See Slack v. MacDaniel*, 529 U.S. 473, 475 (2000).

As reflected above, Defendant's § 2255 motion asserts several claims for relief.  While the Court has determined that each of those claims lacks merit, it nonetheless concludes that Defendant is entitled to a Certificate of Appealability on one of them: ineffective

assistance of counsel arising out of his counsel's failure to file a notice of appeal.  With respect to this claim, Defendant has shown that the issue is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further.  With respect to his other claims, Defendant has not made the requisite showing.  Accordingly, the Court hereby ISSUES a Certificate of Appealability only as to the single issues above.

IV.  Conclusion

For the foregoing reasons, Defendant's § 2255 motion is DENIED, but the Court ISSUES a Certificate of Appealability as to the following issue: ineffective assistance of counsel arising out of his counsel's failure to file a notice of appeal.


SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager