UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Criminal Case No. 13-20685

v.

MATTHEW STEPHEN MORSE,         Honorable Nancy G. Edmunds

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [218]**

Pending before the Court is Defendant's Motion for Compassionate Release. (ECF No. 218.)[1] Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence him to a sentence of imprisonment of time served, or alternatively, convert the remainder of his sentence to a term of supervised release. Defendant contends he faces a serious risk of grave illness or death as a result of the COVID 19 pandemic and that this constitutes an extraordinary and compelling circumstance justifying compassionate release. The government opposes the requested relief and has filed a response. (ECF No. 221.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

On November 7, 2014 Defendant pled guilty without a plea agreement, to three counts, (1) conspiracy to manufacture and distribute methamphetamine, (2) use of a

---

[1] Defendant is represented by pro bono counsel in connection with his motion for compassionate release. The Court commends counsel for taking on this pro bono representation and appreciates counsel's efforts and strong briefing in support of the motion.

1

minor in drug operations, and (3) distribution of methamphetamine to persons under the age of 21. The criminal charges arose from his role in manufacturing and distributing methamphetamine for a major dealer and motorcycle gang. Defendant was also accused of utilizing a network of minors to run his drug manufacturing operations. On December 21, 2015, the Court sentenced Defendant to be imprisoned for a term of 288 months. .

Defendant is currently confined at FCI Jesup in Georgia. Defendant claims he has served more than 84 months of his sentence, which according to the Government is approximately thirty percent of Defendant's total sentence. Defendant's projected release date is April 15, 2034.

Defendant is 39 years old. He claims to suffer from certain medical conditions, including hepatitis, hyperlipidemia, and recent liver failure. He claims that as a result of these conditions, he is at a higher risk of severe illness if he is exposed to COVID-19. And he claims that so long as he remains at FCI Jesup, he will be unable to take the preventative self-care measures recommended by the Center for Disease Control in response to COVID-19.

In April 2020, Defendant submitted a request to the warden at FCI Jessup for compassionate release. On May 1, 2020 the BOP denied Defendant's request. There does not appear to be any dispute that Defendant exhausted his administrative remedies before seeking relief in this Court.

Defendant now moves for compassionate release in this Court. The motion has been fully briefed and is ripe for consideration.

**II.     ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant claims his medical conditions in the wake of the COVID-19 pandemic constitute extraordinary and compelling circumstances warranting compassionate release under § 3582(c). The Government responds that Defendant's health conditions do not entitle him to compassionate release. The Government also argues that Defendant is not entitled to release under § 3582(c) because he poses a

3

continued danger to the community and the sentencing factors described in 18 U.S.C. § 3553(a) do not warrant his release.

Having considered the record in its entirety, the Court agrees the with Government that Defendant has failed to demonstrate that he is entitled to compassionate release at this time. Specifically, the Court finds that consideration of the factors set forth in § 3553(a) weigh against granting the requested relief.[2] The nature and circumstances of Defendant's offenses are serious, and that one factor weighs against granting compassionate release under the circumstances presented here. *See* § 3553(a)(1). Moreover, the Court finds that releasing Defendant to home confinement at this point, with significant time remaining on his sentence and under these circumstances would not be consistent with the other § 3553(a) factors. The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point. And the Government's argument concerning the continued danger Defendant poses to the community in light of his past criminal conduct is compelling. Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

---

[2] Because the Court finds that consideration of the § 3553(a) factors is dispositive of Defendant's motion, the Court will not address the issue as to whether Defendant's health condition in the wake of the COVID-19 pandemic constitutes an extraordinary and compelling circumstance. However, based on the record before the Court, Defendant does not appear to be at a higher risk of contracting the virus than any other inmate, and he has not clearly established that he is in the category of individuals that CDC has deemed to be at the highest risk to suffer severe complications from COVID-19.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 12, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager